### 9820

#### DOBBINS v. SEABOARD AIR LINE R. CO.

##### (93 S. E. 932.)

1. HIGHWAYS—"PUBLIC HIGHWAYS"—STATUTES.—A crossing of intersecting "public highways," within Cr. Code 1912, sec. 602, relating to speed of motors, does not include a railroad crossing; a railroad being only a quasi public highway.

2. RAILROADS—CROSSINGS—NEGLIGENCE—STATUTES — "COLLISIONS." — Civ. Code 1912, sec. 3230, providing that contributory negligence is not a defense in actions for collisions at a railroad crossing, unless it is gross negligence, does not apply unless there is an actual collision, and does not refer to one who runs an automobile into a ditch to avoid a collision.

3. RAILROADS—CROSSING—MAINTENANCE OF APPROACHES.—A railroad is liable only for the crossing on the roadbed, and is not liable for the approaches where the highway is constructed across an established railroad; and likewise, where a railroad is constructed across an established highway, it is responsible for the safety of the approaches.

4. NEGLIGENCE—SUDDEN PERIL—APPLICATION OF RULE.—The rule as to sudden peril does not apply to one who, by his own fault, brought about the sudden danger.

Before MAULDIN, J., York, November, 1916. Reversed.

Action by C. A. Dobbins against the Seaboard Air Line Railroad Company. Judgment for defendant, and plaintiff appeals.

*Mr. J. Harry Foster*, for appellant, cites: *As to defense of contributory negligence:* 92 S. C. 490. *Conduct of trial:*

70 S. C. 211; 75 S. C. 68; 67 S. C. 136; 73 S. C. 503. *Charge on negligence:* 42 S. C. 402; 58 S. C. 229; 52 S. C. 291; 71 S. C. 156. *Sudden emergency:* 82 S. C. 72; 81 S. C. 339; 60 Am. St. Rep. 705. *Injuries at crossings:* Civil Code, sec. 3230; 92 S. C. 302; 99 S. C. 284; 81 S. C. 71; 87 S. C. 325; 63 S. C. 532. *Presumptions:* 91 S. C. 203; 84 S. C. 137. *Degree of care:* 81 S. C. 340.

*Messrs. Glenn & Glenn,* for respondent, cite: *As to operation of automobiles:* Crim. Code, secs. 601, 602; 90 S. E. 756. *Signals at crossings:* Civil Code, secs. 3222 and 3230. *Contributory negligence:* 28 S. E. 638. *Negligence per se:* 90 S. C. 260. *No collision:* 39 S. C. 514. *Defect in public road:* 76 S. C. 554.

October 18, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case shows:

"This action was brought by the plaintiff, C. A. Dobbins, against the defendant, Seaboard Air Line Railroad Company, in the Court of Common Pleas for York county, and the plaintiff demanded twenty thousand ($20,000) dollars damages from the defendant. On the night of October 11, 1915, about 8 o'clock, or a little thereafter, the plaintiff was returning from Winnsboro to Rock Hill in an automobile, and when he was near where the Saluda road, leading from Chester to Rock Hill, crossed the main line of Seaboard Air Line Railway, a short distance from the city limits of the city of Chester, his car left the road and got into a ditch on the right-hand side of the road, and the car was partially overturned. When it was afterwards found, the two right wheels of the car were down in the ditch, and the two left wheels were on the edge of the road. In some way the right leg of the plaintiff was caught and his leg was fractured, sustaining a compound fracture. The point where the car

went into the ditch and where, together with the plaintiff, it was found after the accident, was somewhere from 10 to 30 feet from the railroad crossing according to the testimony of various witnesses. The plaintiff testified that, when some distance from the crossing, being aware of the fact that he was approaching the crossing, he slackened the speed of his car and looked to see if any trains were approaching. Seeing no trains, he put on speed, and when near the crossing he discovered the approaching of cars on the track. He put on brakes, cut off his engine, and then his car went into the ditch on the right-hand side of the road. It was not alleged in the complaint, and there was no testimony going to show, that there was any actual collision of the train and automobile in which the plaintiff was riding, nor was the plaintiff struck by the train; the undisputed testimony showing that the automobile went into the ditch from 10 to 30 feet before reaching the railroad crossing, and plaintiff was injured at that point."

The specifications of negligence were, so far as they affect this case: (a) Failure to give signals of the approach of the train. (b) Failure to make a safe approach to its crossing. (c) Failure to have proper lights on its engine. (d) Failure to keep a lookout for people on the public highway. There are 17 exceptions, but they may be grouped to raise four questions.

1. In the charge of the trial Judge he read section 602 of the Criminal Code. Section 602 prescribes a speed not to exceed six miles an hour "upon approaching a crossing of intersecting public highways." Unless the intersection of a public highway and a railroad is an intersection of public highways, then the charge was irrelevant and misleading. The statute is a criminal statute and must be strictly construed. A railroad is a *quasi* public highway, and not within the prohibition of the statute. The exceptions that raise this question are sustained.

2. The next assignment of error is that his Honor held

that the allegations and proof in this case did not bring this case within section 3230, vol. I, Code of Laws of South Carolina. That section provides that if a person is injured at a public crossing, by a collision with the engines or cars, contributory negligence, consisting of "a mere want of ordinary care," is not a defense, but the defendant must show gross or wilful negligence of the person injured, or that he was acting in violation of the law. The trial Judge held that, unless there was an actual collision, the statute does not apply. The statute requires actual collision, and this exception is overruled. We have been cited to no authority, and we know of none, that holds that the fact of injury at a crossing raises the presumption that no signals were given, or that the defendant was negligent.

3. The third allegation of error is that the trial Judge held that the defendant was liable only for defects on the roadbed, and was not liable for defective approaches to a crossing. The trial Judge said that he would not have so held, except for the case of *Felder v. Railway,* 76 S. C. 554, 57 S. E. 524. The syllabus in that case is misleading. A railroad is not required to build or repair a road or bridge simply because it is within the right of way. A careful reading of that case will show that, when a railroad crosses an established public highway, it cannot cut it in two and thereby destroy it. Nor can it throw upon the county or city the expense of constructing suitable and convenient approaches. These must be constructed and maintained at the expense of the railroad. If a county or city desires to construct a new public highway across an established railroad, then the county or city must construct and maintain proper approaches. When, therefore, his Honor held that there was an absolute nonliability on the part of the defendant for any defect outside of its roadbed, he was in error. When a new public highway is constructed across an established railroad, the railroad is liable only for the crossing on the roadbed. The roadbed

18—108.

requires expert construction and maintenance, and it would be dangerous to allow nonexperts to interfere with the road-bed. The exception that raises this question is sustained. His Honor correctly charged that the rule as to sudden peril does not apply to one who, by his own fault, had brought about the sudden danger. The exceptions that raise this question are overruled.

The judgment is reversed, and a new trial ordered.