13975

SPIERS v. ATLANTIC COAST LINE R. CO.

(178 S. E., 186)

*Messrs. Hagood, Rivers & Young* and *Marion F. Winter,* for appellant,

*Mr. L. E. Purdy,* for respondent,

January 14, 1935.

The opinion of the Court was delivered by Mr. Justice Stabler.

This action was brought by the plaintiff for the recovery of damages, both actual and punitive, for personal injuries suffered by her when an automobile in which she was riding collided with defendant's train of cars. The complaint alleges, *inter alia:*

"That on or about the 29th day of April, 1932, in the night time, the plaintiff was riding in an automobile driven by another on South Carolina highway number seventeen, in approximately a southerly direction; that the tracks of the said defendant cross the said highway at or about a point known as Heinemann Station, in Williamsburg County in said State. That without any warning of any kind as to the presence of defendant's train, the automobile in which the plaintiff was riding collided with a freight car constituting a part of a train operated by the defendant which at the time in question was standing on the defendant's tracks at the point above described and across the whole width of the said highway, and for some distance on both sides thereof. That it was dark at the time and place aforesaid, and the presence of the defendant's train of cars not being known to the plaintiff or to the driver of the said automobile.

" *   *   * That the train of cars of the defendant was allowed to remain upon and obstruct the said highway for an unreasonable and unnecessary length of time; that the defendant so obstructed the highway without having any lights showing on the train or elsewhere on the crossing and without having any person or persons placed to warn travelers of such obstruction and without taking means to protect travelers along the highway against running into or colliding with said train, although the defendant knew that such obstruction was dangerous to the traveling public, and although the persons in charge of the train knew that the plaintiff was injured and knew that it was necessary to have the highway open in order that she might go to a hospital to be treated, the train of cars was permitted to remain on the highway for at least thirty minutes before an opening was made through which an automobile could pass to take her to a hospital, and during all of which time the plaintiff suffered great pain from the cuts and bruises and from the loss of blood.

"That all of said acts and omissions on the part of the

defendant were negligently, recklessly and wilfully done and omitted to be done as aforesaid.   *   *   * "

The defendant, while admitting the collision, denied the material allegations of the complaint, and set up, as an affirmative defense, contributory negligence and recklessness on the part of the plaintiff and on the part of the driver of the automobile.

The case was tried at the fall, 1933, term of Court of Common Pleas for Berkeley County. At the close of the testimony, the defendant asked for a directed verdict on the following grounds: (1) That there was no evidence of actionable negligence; (2) that the testimony of "the plaintiff shows that the accident was caused by the negligence and recklessness of the driver of the car"; and (3) that it is undisputed that the train crew did all it could do in the circumstances. Judge Sease held that there was "no testimony to bring this case under the blocking statute   *   *   *   and   *   *   *   under the crossing statute" (Sections 5829· and 8355 of the Code), but that the evidence required its· submission to the jury on the question of common-law negligence—a failure to exercise due care in the circumstances. He therefore overruled the motion, but instructed the jury that the plaintiff was entitled to recover only actual damages, if anything. A verdict was found for $1,500.00, and the defendant appeals.

The appellant argues, in the first place, that it was error not to grant its motion, for the reason that a "railroad company is under no duty in case a train be stopped across a highway, to give signals to travelers on the highway that there is a car across the road   *   *   * that there can be no greater warning of the presence of the train than the train itself."

This contention does not seem to have support in the decisions of this Court. In *Myers v. Railway Co.*, 172 S. C., 236, 173 S. E., 812, 816, a case similar to the one before us, speaking through Mr. Chief Justice Blease, we said: "His

[plaintiff's] action was not based on any negligence alleged to have grown out of a violation of statute. It was based on acts of negligence, under well-recognized common-law principles, declared in the cases which we have mentioned." And observed: "Admitting with the appellant that in none of the cases to which we have referred was the crossing involved one located altogether without the limits of a municipality, in what may be termed a rural community, sparsely populated, and with no excessive traffic on the highways, still we do not see why the principles recognized in those cases would not be fully applicable to the latter-described crossings, and perhaps even more so. A traveler, whether walking or riding in a vehicle, may naturally expect to come in contact more often in towns and cities than in rural communities with railroad crossings, locomotives, and cars. In a bustling, hustling municipality, these ways and modes of transportation are more frequently found than they are seen in rural communities. * * *" And held: "On the cited authorities, it is manifest that the trial Judge correctly overruled the demurrer. Likewise, under the decisions which we have cited, it was incumbent upon him to refuse the motion for a directed verdict, since there was some evidence on the part of the respondent to establish the allegations of his complaint."

The complaint in the case at bar, while it contains allegations of a violation of statutory duty by the defendant, also states a cause of action, as held in the *Myers case,* "based on acts of negligence, under well-recognized common-law principles."

The main question presented by the appeal is whether there was any evidence of actionable negligence on the part of the defendant. We have read with special care the testimony printed in the record, and find the undisputed facts to be as follows: At Heinemann, a small station in Williamsburg County, the defendant's line of road crosses a public highway at right angles. On April 29, 1932, a

freight train, made up of twenty-seven cars and a caboose, left Lanes for Sumter, going westward. Some time before midnight it reached Heinemann, which is just west of the highway, and stopped for the purpose of picking up cars at that place. Before the train came to a standstill, however, all of it had crossed the highway except the last box car and the caboose. This car came to rest on the crossing, extending across the entire road and blocking it completely. The caboose stopped just to the east of the road. The train crew consisted of five men, four of which at the time, including the conductor, were on the engine; one of them, the flagman, was in the caboose. Almost immediately after the train came to a stop, a heavily-laden truck, approaching on the highway from the south, ran into the car on the crossing, and wedged itself so tightly that it could not be extricated for some time thereafter. The engineer, immediately after this collision, not knowing what had happened, gave a back-up signal, which indicated that he was about to move the train in order to cut it and clear the crossing. Hutson the flagman, seeing the situation, set brakes by means of a valve or cock on the caboose, so that the train could not move.

The automobile in which the plaintiff was riding was equipped with good brakes and lights, and approached the crossing on the highway from the north at a speed of thirty-five or forty miles per hour; the plaintiff being seated by the side of the operator. The driver was not familiar with the highway and the particular railroad crossing, although he had passed over it several hours before. The plaintiff knew the road very well. Measuring north from the crossing, the direction from which the automobile came, the highway is straight for five hundred feet, and along this segment of the road are the usual signs placed by the highway department. Neither the plaintiff nor the driver saw the car on the crossing until the automobile was within one hundred and fifteen feet of it. Brakes were then applied, but despite that fact the collision occurred. The plaintiff received

514

painful injuries, and some time later was taken to the hospital for treatment.

Bearing on the question of defendant's negligence, it is sufficient to say, without reviewing it, that there was some evidence which tended to establish the allegations of the complaint, and from which the jury might reasonably infer that the defendant, its servants and agents, did not exercise due care in the circumstances. We think, too, that the Court correctly refused to direct a verdict on the ground that the accident was due solely to the negligence and recklessness of the driver of the automobile. While that issue of fact might properly have been resolved by the jury in favor of the defendant, the question, under the evidence, was a matter for them. We conclude, on consideration of the entire record, that the trial Judge was right in submitting the case to the jury.

The appellant also complains of the refusal of the Court to grant its motion for a new trial, made "on the grounds that there was no evidence to support the verdict and that his Honor erred in not directing a verdict for the defendant." This assignment of error is disposed of by what we have already said.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER, CIRCUIT JUDGE, concur.