15054

BREEDEN v. ROCKINGHAM R. CO. *ET AL.*

(8 S. E. (2d), 366)

April, 1939.

*Messrs. Stevenson & Lindsay* and *Woods & Woods,* for appellants,

*Messrs. Tison & Miller* and *N. W. Edens,* for respondents,

April 3, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

This action was brought for the recovery of damages for personal injuries alleged to have been sustained by the re-

spondent on or about October 15, 1934, when he drove his automobile off a public highway in Marlboro County in order, as he alleges, to prevent a collision at a public crossing with a train of the Rockingham Railroad Company. operated over the tracks of Atlantic Coast Line Railroad Company.

The case came on for trial before Honorable G. Duncan Bellinger, presiding Judge, and a jury at the March, 1939, term of the Court of Common Pleas for Marlboro County, and resulted in a verdict for respondent for actual damages.

The allegations of negligence, recklessness and willfulness specified in the complaint may be summarized as follows: First, failure to keep the train under control; second, operating the train at an excessive rate of speed; third, failure to give crossing signals, and fourth, failure to keep a lookout for vehicles at the crossing.

The appellants in their answer denied the material allegations of the complaint, and by way of affirmative defense, plead that the accident was due to respondent's contributory negligence, gross contributory negligence and willfulness.

The appellants seasonably made motions for nonsuit, for directed verdict and for a new trial based upon the grounds that there was no evidence of either negligence or willfulness or wantonness on the part of the appellants, and that respondent's negligence and also his gross negligence, wantonness, recklessness and willfulness contributed as a proximate cause to his injuries, if any. The several motions were refused by the presiding Judge.

There are eight exceptions, but the questions raised are properly stated by the appellants to be as follows:

1. Was there error in refusing defendant's motions for nonsuit, directed verdict, and a new trial on account of insufficiency of proof of defendants' alleged negligence or willfulness, wantonness or recklessness?

2. Was there error in refusing defendants' motions for nonsuit, directed verdict, and a new trial on account of plaintiff's contributory negligence?

3. Was there error in refusing defendants' motion for nonsuit, directed verdict, and a new trial on account of plaintiff's gross contributory negligence, recklessness, willfulness and wantonness?

It will not be necessary or desirable to take up these questions separately.

There was testimony to the effect that the view of the approaching train was obstructed until a person driving along the highway, approaching the crossing, reached a point about thirty (30) feet from the crossing. There was also testimony to the effect that the train was running about sixty (60) miles per hour, and that the whistle was not blown or the bell rung approaching the crossing. While it may not be said that to operate a train at sixty (60) miles per hour in a rural section would warrant even a finding of negligence under usual circumstances, it is equally true that the operation of a train at such a rate of speed under the conditions obtaining in this case, without giving any signals or warning of the approach of the train to the crossing, would warrant the submission to the jury of the question not only of negligence, but of gross negligence; and except for the acts and conduct on the part of the respondent, it would have been proper to submit this case to the jury.

It is, therefore, necessary to review the testimony as to the acts and conduct of the respondent. It is to the effect that about 12:45 p. m., on the date in question, he was driving his automobile on and along a public highway leading off of what is known as the Adamsville Road, and going towards Burnt Factory Mill Pond, in Marlboro County. He was a resident of the neighborhood and was entirely familiar with the fact that the said road crosses the tracks of Atlantic Coast Line Railroad Company at grade at a point very near the place where he turned his automobile into the ditch to avoid a collision with the train. He was, according to his testimony, likewise entirely familiar with all of the conditions in regard to the view to be had of an approaching train at said crossing. It appeared from his testi-

mony that the view of a train coming from Gibson, from which direction the train was coming, was obstructed until a point twenty or thirty feet from the track was reached (on cross examination he admitted twenty-five to thirty feet); that he was approaching this crossing driving about thirty or thirty-five miles an hour; that as soon as the vision of a train in the direction from which the train was approaching was unobstructed, he saw it; that the train was running around sixty miles an hour; that he heard no signal of bell or whistle; that he realized when he saw the train that he didn't have time to get across the tracks, jerked his car to the right and turned over down an embankment into a ditch along the said highway. It appears that the point at which he went into the ditch was about twenty-five feet from the crossing.

Section 8377, Code of Laws of South Carolina, 1932, which provides that if a person is injured at a public crossing by a collision with the engine or cars of a railroad company, contributory negligence on the part of the injured person consisting of a mere want of ordinary care is not a defense, but the defendant must show gross or willful negligence on the part of the person injured, or that he was acting in violation of the law, is not applicable, because there was no actual collision. *Dobbins v. Seaboard Air Line R. Co.*, 108 S. C., 254, 93 S. E., 932. Nevertheless, the respondent would have the right to recover if he were guilty only of contributory negligence, in view of the fact that the jury might have concluded that the appellants were guilty of gross negligence. Therefore, the question resolves itself into whether or not the acts and conduct of the respondent at the time and under the conditions, as a matter of law, amounted to gross negligence on his part.

It is the duty of a traveler, upon the approach to a railroad crossing of which he is aware, to use due care to observe the approach of trains at said crossing for, as stated in *Robison v. Atlantic Coast Line R. Co.*, 179 S. C., 493, 184 S. E., 96, 100, "it is always train time

at a railroad crossing." It cannot be doubted, therefore, that one who approaches a railroad crossing with which he is entirely familiar, in the daylight, where the view of approaching trains, to his knowledge, is obstructed until a point is reached approximately thirty feet from the railroad tracks in an automobile at a speed of thirty to thirty-five miles per hour, without slackening his speed or taking any precautions to have his automobile under such control at a point where he could obtain a view of an approaching train as to be able to stop before reaching the crossing, is guilty, as a matter of law, not only of negligence, but of gross negligence.

Construing the respondent's testimony in a light most favorable to him, as the trial Judge was, and we are, required to do upon the motions for nonsuit and for a directed verdict, we are constrained to hold that the respondent's testimony shows that he was guilty of gross negligence and recklessness, and that such gross negligence and recklessness contributed as a proximate cause to the accident and injury which he sustained.

It was, therefore, error to refuse appellant's motions for nonsuit and directed verdict on the aforementioned ground; and the exceptions based thereon are sustained.

The case is remanded for the purpose of entry of judgment in favor of appellants.

MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.