18629

Peter BYRD, Respondent, v. ATLANTIC COAST LINE RAILROAD COMPANY, Appellant

(154 S. E. (2d) 1)

*Messrs. Willcox, Hardee, Houck, Palmer & O'Ferrell,* of Florence, and *Burroughs & Green,* of Conway, *for appellant,*

*Messrs. McCaskill & Thompson,* of Conway, *for respondent,*

April 3, 1967.

G. BADGER BAKER, Acting Associate Justice:

This action was brought by respondent for damages to his Volkswagen automobile which, while being operated by his wife, Mrs. Alice W. Byrd, was struck and demolished by a locomotive of appellant at the intersection of appellant's railroad and Twelfth Avenue in Conway, S. C., on December 17, 1964, at approximately 11:15 o'clock A. M.

Respondent's complaint contains three specifications of negligence and willfulness, to wit, the maintenance of a crossing where the view of an approaching motorist was obstructed by woods, underbrush and other foliage, the failure to give statutory crossing signals, and the absence of sufficient warning devices to approaching motorists. The appellant's answer denies the alleged delicts and pleads contributory negligence and willfulness on the part of Mrs. Byrd.

Appellant's motion for a directed verdict was denied, the third specification of negligence and willfulness was eliminated, and the case was submitted to the jury upon the factual issues of an obstructed crossing, statutory signals,

gross negligence and willfulness of respondent's wife, and damages. The jury returned a verdict of actual and punitive damages. Following the rendition of verdict the appellant's motion for judgment notwithstanding the verdict was found to be without merit by the trial Court.

The verdict of the jury has conclusively determined any question based upon statutory signals, Section 58-743, 1962 Code of Laws, since there was conflicting evidence upon this point. The only query that need be considered is whether respondent, through his wife, the operator of the family car, was guilty of contributory "gross or wilful negligence" as a matter of law, Section 58-1004, 1962 Code.

The general compass direction of Twelfth Street is east-west and that of the rail line is north-south. Mrs. Byrd was employed as a music teacher in the public school system of Conway, and had been serving in that capacity for approximately two and one-half years prior to the date of the collision. The music study was conducted by Mrs. Byrd in different school buildings, at designated hours, which included the Junior High School located east of the intersection and within sight of the crossing. Mrs. Byrd's usual course of travel to the Junior High School was east on Twelfth Avenue, across the intersection and into the school premises. It is acknowledged that Mrs. Byrd was familiar with the crossing and its surroundings.

The principal and the only visual witness for plaintiff was Mrs. Byrd. The descriptive topography and surroundings of the crossing as related by Mrs. Byrd places the railroad track about one foot lower than the approaches. A ditch with an embankment is parallel to the track and located about ten to twelve feet from the rails. The embankment is one foot above the normal ground level and bushes and weeds, two to three feet in height, were growing upon the bank. There were two trees on or near the right-of-way, but these trees did not constitute a visual obstruction. On the left of the street, traveling east, is a residence which

is about eighty to eighty-five feet from the crossing. It had been raining prior to the collision but rainfall had ceased. Weather conditions are not a factor in the cause of the accident.

Mrs. Byrd testified that her approaching speed had been reduced from about twenty-five m.p.h. to between fifteen and twenty m.p.h. This witness said she did not have an adequate view of the crossing to her left until she passed the last residence, on her left, which was eighty to eighty-five feet from the crossing. After passing this residence Mrs. Byrd looked to her right and then to her left when she saw the approaching train. At this point of observation Mrs. Byrd was fifty or sixty feet from the crossing. She applied her brakes when she saw the oncoming locomotive, but her vehicle went into the crossing and was hit by the locomotive. Mrs. Byrd stated that the statutory signals were not given until after she saw the train, but, as stated before, the absence of proper signals must be conceded.

Appellant is not charged with excessive speed in the operation of its train, and, in fact, the train was proceeding at a slow rate since Mrs. Byrd testified that when she saw it they were about equi-distance from the crossing, that is, fifty or sixty feet. The respondent did not offer any testimony as to the distance one could see to the north of the crossing after passing the last residence on the left of Twelfth Avenue, but there is evidence from appellant that this distance is two hundred fifty-five feet. A regular schedule was not maintained by appellant for the operation of its trains on this particular line and this fact was known to Mrs. Byrd.

The evidence in behalf of appellant is at variance with that of respondent, but it is needless to refer to appellant's testimony since the differences are not to the benefit of respondent.

The evidence clearly shows that Mrs. Byrd's view of the crossing was not obscured by brush, weeds or trees. She

frankly said she saw the locomotive through the brush or weeds at least fifty or sixty feet from the point of collision.

Considering the evidence most favorably to respondent the conclusion is inescapable that respondent's wife was guilty of contributory gross negligence and recklessness as a matter of law. There is no evidence that Mrs. Byrd's sight or hearing was impaired, nor was there anything to distract her attention. The record shows that she approached the crossing, with which she was thoroughly familiar, at a slow rate of speed, and had an ample view of the approaching train. Although she said she applied her brakes there is no reasonable explanation of the driving into the path of the train. The only reasonable inference coming from the circumstances is that respondent's wife failed to exercise even slight care and her contributory gross or willful negligence bars recovery by respondent.

Cases similar in principle are *Wingate v. Seaboard Air Line Railroad Co.*, 244 S. C. 332, 137 S. E. (2d) 258; *Breeden v. Rockingham R. Co.*, 193 S. C. 220, 8 S. E. (2d) 366; *Moore v. Atlantic Coast Line R. Co.*, 192 S. C. 406, 7 S. E. (2d) 4; *Robison v. Atlantic Coast Line R. Co.*, 179 S. C. 493, 184 S. E. 96.

The trial Court should have granted the motion of the defendant-appellant for a directed verdict and the cause is remanded for entry of judgment in favor of defendant.

Reversed and remanded.

Moss, C. J., and Lewis and Brailsford, JJ., concur.

Bussey, J., dissents.

Bussey, Justice (dissenting):

Not being convinced that we are warranted in holding that respondent's wife was guilty of contributory gross recklessness and willfullness, as a matter of law, I most respectfully dissent.

In my view, the decisions relied on for reversal are all clearly distinguishable on the facts from the instant case. A

case much more nearly in point factually is that of *Thompson v. Southern Ry. Co.,* 208 S. C. 49, 37 S. E. (2d) 278, wherein a judgment for the plaintiff was affirmed. That case applied the firmly established rule that "a traveler approaching a railroad crossing has a right to presume that the defendants will obey the law and give the statutory signals upon approaching the crossing; that while the wrongful conduct of the defendant in this regard will not excuse the traveler from the exercise of slight care, yet in determining whether he did use such care, his conduct is to be judged in the light of such presumption." To the same effect are the cases of *Harrison v. Atlantic C. L. R. Co.,* 196 S. C. 259, 13 S. E. (2d) 137; *Cook v. Atlantic C. L. R. Co.,* 196 S. C. 230, 13 S. E. (2d) 1; *Langston v. Atlantic C. L. R. Co.,* 197 S. C. 469, 15 S. E. (2d) 758; and *Norwood v. Atlantic C. L. R. Co.,* 203 S. C. 456, 27 S. E. (2d) 803.

When the conduct of respondent's wife is judged in the light of the presumption to which she was entitled, I do not think it can be soundly held, as a matter of law, that she failed to exercise at least slight care. There is evidence to the contrary. She was driving at a lawful rate of speed, which rate of speed she reduced upon approaching the crossing. There was no failure on her part to look. When she got to a point where she effectively could, she looked first to her right to see if a train was approaching from that direction, and then to her left, at which time she could see the approaching train, though her view was still partially obstructed by vegetation. She then applied her brakes, but was unable to stop in time to avoid the collision. Under all the circumstances reflected by the record, and the applicable principles of law, I think the trial judge correctly submitted the case to the jury.