## CIRCUIT COURT OF THE CITY OF RICHMOND

Vernon Gilbert Parker, Jr.

v.

Arthur Garfield Grinnell
and Douglas Patrick Pace

May 18, 1977

Case No. 8923

By JUDGE WILLARD I. WALKER

This matter is before the court on the plaintiff's motion to set aside a jury verdict for the plaintiff in the amount of $400. The plaintiff contends that this verdict rendered on April 25, 1977, is inadequate.

The sole issue before the court is whether this jury verdict is, as a matter of law, so inadequate that the court should substitute its judgment for that of the jury and set the verdict aside awarding a new trial.

The facts of the case are simple. The liability of the defendant was conceded. The matter proceeded before the jury solely on the issue of damages. The essential medical testimony with respect to the plaintiff's injuries is contained in Dr. White's report of August 23, 1976 (Plaintiff's Exhibit 2).

His diagnosis was "Contused scalp (Forehead), concussion, sprained neck with muscle spasm; lumbo sacral strain with muscle spasm and contusion of both legs." Despite the multiplicity of injuries Dr. White lists in his diagnosis, his overall testimony in the case was indicative of very mild injuries as opposed to serious and permanent conditions. Dr. White elected to place the plaintiff on a program involving "a trial of intensive nd extensive physiotherapy with analgesics." In doing this, the plaintiff

made thirty-six visits to Dr. White to receive this physio-therapy treatment. Dr. White indicates that he discharged the plaintiff from his care on July 1, 1974, and that the plaintiff had received the maximum benefit from the treatment. Dr. White expected no residual disability.

Even though it may be implicit in the report of Dr. White, his testimony before the jury did not indicate clearly that all thirty-six of the physiotherapy treatments that the plaintiff received were necessary for his recovery. Even if the total medical expense of $350 is deemed to be undisputed and recoverable as a matter of law, the jury in this case has elected to award the plaintiff a verdict encompassing that expense and $25 in addition for all other elements of damage.

With respect to the question of lost income, the evidence in this case, in the court's opinion, viewed most strongly in favor of the jury's verdict, does not demand that the jury should have considered any loss of income to this plaintiff in arriving at its judgment on damages. Inasmuch as the jury must make the judgment as to the credibility of witnesses and may accept or discard the testimony of witnesses that they find not credible, the just must be allowed great latitude in determining the weight of the evidence before them. The fact that a particular element of damages is not hotly contested or controverted by evidence of the defendant does not in and of itself establish that this evidence has been proven to the jury's satisfaction by the plaintiff or by the plaintiff's witnesses.

In deciding this case the court relies heavily upon the case of *Dinwiddie v. Hamilton*, 201 Va. 348, 11 S.E.2d 275 (1959). When this case is viewed in the light of the testimony that was given to the jury by the plaintiff and by his doctor, and when viewed in reference to the decision in the *Dinwiddie* case, this court does not feel that it can substitute its judgment for that of the jury on the facts presented.

The legal principle involved in this matter has been frequently stated, to wit: "There is no measure of damages in cases of this kind, and there has not yet been discovered any standard by which to measure in dollars and cents the values for pain and suffering. It is a matter that must be left to the judgment and discretion of an impartial

jury and no mere difference of opinion of the trial judge, however decided, will justify an interference with their verdict, unless it appears from the record that the jury has been influenced by partiality or prejudice, or has been misled by some mistaken view of the merits of the case." *See Chappel v. White*, 184 Va. 810, 36 S.E.2d 524 (1946).

The conscience of the court is not shocked by the size of the verdict in this case. There is nothing in the record of this trial to indicate that the jury has been influenced by partiality or prejudice or that they have been misled by some mistaken view of the merits of the case.

For the reasons above stated, an order will be entered overruling the motion of the plaintiff to set aside the jury's verdict and entering up judgment upon said verdict.